BOARDMAN, Judge.
Appellant, Theotis Hunt, was charged in a one count indictment with violation of Section 794.01, Florida Statutes. The material part of the indictment is as follows:
INDICTMENT FOR
CASE NO. 73-499CF
RAPE
Florida Statutes 794.01

. . . did unlawfully and carnally know and abuse a child under the age of eleven years, . . . contrary to the statute in such case made and provided and against the peace and dignity of the State of Florida
The appellant originally pled not guilty to this offense. On the date of trial, and during the selection of the jury, plea negotiations were commenced and culminated in the appellant, with advice of counsel, changing his plea to guilty, and, in return, the state, represented by its attorney, agreed to reduce the charge from capital rape[1] to noncapital rape.[2] After very extensive colloquy between appellant and his attorney and the appellant and the trial judge, the appellant’s plea of guilty to Section 794.01(2), Florida Statutes, was accepted by the trial judge. In due course appellant was adjudged guilty and sentenced to life imprisonment. This timely appeal followed.
A review of the record convinces us that appellant’s plea of guilty to noncap-ital rape was made by him freely, voluntarily and knowingly, and that he was afforded the constitutional safeguards, and protections that he was entitled to under the United States Constitution and the Constitution of the State of Florida. We therefore affirm.
Appellant was capably represented by counsel at the trial level. Several pretrial motions were filed, including a motion to dismiss the indictment, which motion after hearing was denied by the trial judge. The record also shows that appellant, upon motion of his counsel, was examined by a court-appointed psychiatrist and found competent to stand trial. The allegations of the indictment were clear, concise and succinct, and sufficiently advised appellant of the offense with which he was charged. No double jeopardy question is presented or advanced by appellant. The trial court clearly had jurisdiction of appellant and the subject matter whether appellant was tried under Section 794.-01(1), or Section 794.01(2), supra. Further, it is too well settled in decisional law of this state to make it necessary to cite cases to the effect that a noncoerced guilty plea cures all nonjurisdictional defects preceding the acceptance of such guilty plea. Brady v. United States, 397 U.S. 742, 90 *182 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
We are not concerned here with an innocent person pleading guilty. The record shows the appellant was asked by his own counsel during the change of plea hearing in open court:
. . . Are you pleading guilty to non-capital rape because you are guilty and for no other reason? (Emphasis supplied).
Appellant answered:
. . . Yes, sir.
Additionally, the trial judge at this same proceeding advised appellant that the penalty for noncapital rape is a mandatory life imprisonment. Unfortunately for appellant he cannot be said to be a novice to criminal proceedings .for the same trial judge had previously sentenced him to serve one year in prison for a prior offense. Before the trial judge accepted appellant’s change of plea the court announced:
THE COURT: Very well. I think that he understands fully the import of pleading guilty, and I will permit you to withdraw your plea of not guilty and enter a plea of guilty to the lesser included offense of the life felony which is incorporated in the charge, which I believe is Section 2 of the statute relating to this.
As stated above, the penalty upon conviction of noncapital rape is a mandatory life sentence. The penalty upon conviction of capital rape is death or life imprisonment.
Appellant’s sole attack on this appeal is that he was not charged with a capital offense and, therefore, could not have been subjected to the death penalty had he been tried and found guilty as charged in the indictment. It is true that in Section 794.01(1), supra, the offender must be 17 years of age or over and the victim must be under 11 years of age. The indictment, supra, does not allege the age of appellant. It is on this basis that appellant contends that his bargain was illusory as he could not have received capital punishment under Section 794.01(2), supra. Appellant raised this issue for the first time here. We are not persuaded by appellant’s contention-that his negotiations were illusory or that he was not charged with a capital offense and, therefore, not subject to the death penalty.
We find that the indictment, supra, was not defective nor fatal and appellant’s age was an evidentiary matter. We are not required to speculate as to what sentence could have been imposed upon appellant by the trial judge had he been tried by a jury and found guilty of the capital offense. Neither is it necessary for us to prejudge the ruling of the trial judge had the state attempted to prove the age of appellant in its case in chief. Appellant, with advice of counsel, elected to plead guilty to noncapital rape pursuant to plea negotiations. We are in accord with that line of cases that holds that a guilty plea is not invalid whenever motivated by a defendant’s desire to accept the certainty or probability of a lesser penalty, rather than face a wide range of possibilities extending from acquittal to conviction and possibly a higher penalty. See Brady v. United States, supra; North Carolina v. Alford, supra, and Laird v. State, Fla.App.1st, 1973, 280 So.2d 454.
Upon consideration of the complete record, briefs and argument of counsel, we find that the ruling of the trial judge was proper and, therefore, we do not disturb it. We have examined the other point raised on appeal by appellant and find it to be without merit. The judgment and sentence are
Affirmed.
HOBSON, Acting C. J., and GRIMES, J., concur.

. Section 794.01(1), Florida Statutes.

. Section 794.01(2), Florida Statutes.